IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WAADEW AYSISAYH,**

    Plaintiff,

vs.                                       Case No. 4:14cv277-WS/CAS

**DEPARTMENT OF CORRECTIONS,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    The pro se Plaintiff initiated this case on June 6, 2014, by filing a document which was construed as a civil rights complaint and filed as such by the Clerk's Office. An Order was entered on June 11, 2014, directing Plaintiff to clarify his status at the Florida State Hospital. Doc. 3. In addition, Plaintiff must either pay the filing fee to proceed in this case, or Plaintiff must file an in forma pauperis motion. *Id.* Plaintiff has now filed a response, doc. 7, and an in forma pauperis motion, doc. 6.

    Plaintiff has explained that after serving 32 years in prison, doc. 6 at 3, he was "unconditional released" from the Department of Corrections, doc. 7 at 1. Plaintiff states that he is now at the Florida State Hospital having been deemed incompetent to proceed. *Id.* Under 28 U.S.C. § 1915(h), a "prisoner" is defined as "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated

delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." One who is incompetent to proceed is a prisoner and subject to the procedures of § 1915.

Accordingly, Plaintiff's prior litigation history must be reviewed in accordance with 28 U.S.C. § 1915(g) to ensure that Plaintiff is entitled to in forma pauperis status, notwithstanding his financial abilities. In June 2011, while Plaintiff was still incarcerated, Plaintiff initiated a civil rights action in the Southern District of Florida. Case number 1:11cv22377 was dismissed for failure to state a claim under § 1915(e)(2)(B)(ii) on September 28, 2011, and counts as a "strike" under § 1915(g). Plaintiff initiated case number 1:10cv23884 in October 2010, also in the Southern District of Florida, and it was dismissed on February 25, 2011, for failing to state a claim under § 1915(e)(2)(B)(ii). That case counts as a second "strike." Both of those dismissals were affirmed by the Eleventh Circuit Court of Appeals. Plaintiff also initiated case number 1:09cv21823 in the Southern District of Florida. That case was dismissed for failure to state a claim and because it was barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) on September 11, 2009. The dismissal of that case means Plaintiff has accumulated three strikes and his motion for in forma pauperis status may not be granted unless Plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

An Order was entered in this case on June 25, 2014. Doc. 5. Plaintiff has not yet had time to respond to that Order, but it is important to note that the Order included a requirement for Plaintiff to file a response "stating why he initiated this case, clarifying what he wants the Court to do, and identifying any persons who Plaintiff believes has

harmed him." *Id.* That was necessary because the "complaint," doc. 1, is unintelligible and does not appear to request any judicial relief. Notwithstanding the confusing and vague statements made in the complaint, it is apparent that Plaintiff's complaint does not demonstrate that he is in imminent danger of physical injury from any person at the Florida State Hospital. Accordingly, Plaintiff's motion for in forma pauperis status, doc. 6, should be **Denied**.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for in forma pauperis status, doc. 6, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and that this case be **DISMISSED without prejudice,** subject to Plaintiff submitting full payment of the filing fee at the time he submits the civil rights complaint. It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**